# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF NORTH CAROLINA
# WINSTON-SALEM DIVISION

| | |
|---|---|
| CHAD HENLEY, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:22-cv-422 |
| REGENCY ONE CAPITAL, LLC, | ) |
| Defendant. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, CHAD HENLEY ("Plaintiff"), by and through his attorneys, Hormozdi Law Firm, LLC, alleges the following against Defendant, REGENCY ONE CAPITAL, LLC ("Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

2. Count II of Plaintiff's Complaint is based on the North Carolina Collection Agency Act, § 58-70, *et seq.* ("NCCAA").

## JURISDICTION AND VENUE

3. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, and 1367.

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. This court has supplemental jurisdiction over the state claim alleged herein pursuant to 28 U.S.C. § 1367 it is "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

6. Venue and personal jurisdiction in this district are proper because Defendant does or transacts business within this district, and a material portion of the events at issue occurred in this district.

**PARTIES**

7. Plaintiff is a natural person residing in the Town of Kernersville, Forsyth County, State of North Carolina.

8. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

9. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5).

10. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

11. Plaintiff is a consumer as that term is defined by § 58-70-90(2) of the NCCAA.

12. Plaintiff allegedly owes a debt as that term is defined by § 58-70-90(3) of the NCCAA.

13. Defendant is a collection agency as that term is defined by §§ 58-70-15 and 58-70-90(1) of the NCCAA.

14. Defendant is a Delaware limited liability company with its headquarters located in the Village of Williamsville, Erie County, State of New York.

15. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

16. During the course of its attempts to collect debts allegedly owed to it, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of

telecommunication, such as by telephone and facsimile.

17. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

18. Defendant is attempting to collect a consumer debt from Plaintiff, allegedly owed by Plaintiff arising from an unpaid Okinus Credit Solutions account (Account No.: OK-1421442).

19. Defendant assigned Account ID: 299842 to the alleged debt.

20. Plaintiff's alleged debt arises from transactions for personal, family, and household purposes.

21. Defendant attempts to collect the alleged debt from Plaintiff using the false name of Pinnacle Location Services.

22. Pinnacle Location Services is not a juridical entity.

23. Defendant is not registered to do business in the State of North Carolina.

24. Pinnacle Location Services is not registered to do business in the State of North Carolina.

25. Pinnacle Location Services is not a registered assumed or fictious name for Defendant.

26. In or around July 2021, Defendant began its attempts to collect the alleged debt from Plaintiff by calling Plaintiff's cellular telephone at 336-747-8869.

27. On or about July 2021, Plaintiff answered one of Defendant's collection calls.

28. During the above-referenced collection call:

    a. Defendant's collector demanded immediate payment from Plaintiff with vague and veiled threats of legal action in their attempt to collect the alleged debt; and

    b. In response the vague and veiled threats of legal action, Plaintiff agreed to a

payment plan of $57.00 per month until the debt was paid in full, making a $57.00 payment over the telephone.

29. Shortly thereafter, Plaintiff canceled his debit card to prevent Defendant from withdrawing any further payments from Plaintiff.

30. Defendant then resumed its collection calls to Plaintiff.

31. Despite Defendant already locating and communicating with Plaintiff, Defendant then started calling Plaintiff's family and friends—a clear attempt to embarrass and coerce Plaintiff into paying the alleged debt.

32. In or around July 2021, Plaintiff again answered one of Defendant's collection calls.

33. During the above-referenced collection call:

    a. Plaintiff told Defendant to stop calling Plaintiff as well as stop calling Plaintiff's family and friends;

    b. Defendant's collector claimed that Defendant could not stop calling Plaintiff and Plaintiff's family and friends unless Plaintiff pays the alleged debt; and

    c. Defendant's collector made vague and veiled threats of legal action in their attempt to collect the alleged debt.

34. Despite Plaintiff telling Defendant to stop calling Plaintiff and his family and friends, Defendant continued to call Plaintiff and his family and friends unabated.

35. To date, Defendant has not sued Plaintiff.

36. Defendant never intended to sue Plaintiff.

37. The natural consequences of Defendant's statements and actions was to unjustly condemn and vilify Plaintiff for his non-payment of the alleged debt.

38. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

39. The natural consequences of Defendant's statements and actions was to cause Plaintiff mental distress.

40. Plaintiff has suffered actual damages in the amount of not less than $57.00.

41. Defendant's actions further constitute an invasion of Plaintiff's individual privacy and Plaintiff has suffered a concrete and particularized injury to his legally protected interest of his individual privacy.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

42. Defendant violated the FDCPA based on the following:

    a. Defendant violated § 1692b of the FDCPA by calling Plaintiff's family and friends with no permissible purpose for doing so;

    b. Defendant violated § 1692b(1) of the FDCPA by contacting Plaintiff's family and friends and failing to make the statements/disclosures required by this subsection;

    c. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt when Defendant engaged in all of the harassing misconduct alleged above, including attempting to coerce Plaintiff into paying the alleged debt with empty threats and embarrassing Plaintiff in front of his family and friends;

    d. Defendant further violated § 1692d of the FDCPA when Defendant continued to call Plaintiff after Plaintiff requested that Defendant stop calling him;

    e. Defendant violated § 1692d(5) of the FDCPA by causing a telephone to ring or

engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number when Defendant continued to call Plaintiff after Plaintiff requested that Defendant stop calling him;

f. Defendant violated § 1692d(6) of the FDCPA by its placement of telephone calls without meaningful disclosure of the caller's identity when Defendant's collectors spoke to Plaintiff without disclosing that they were calling from Regency One Capital, LLC;

g. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendant engaged in at least the following discrete violations of § 1692e;

h. Defendant violated § 1692e(2)(A) of the FDCPA by its false representation of the character, amount, or legal status of any debt when Defendant's collector made vague and veiled threats of legal action against Plaintiff;

i. Defendant violated § 1692e(5) of the FDCPA by its threat to take any action that cannot legally be taken or that is not intended to be taken when Defendant's collector made vague and veiled threats of legal action against Plaintiff;

j. Defendant violated § 1692e(10) of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendant engaged in at least the other discrete violations of § 1692e alleged herein;

k. Defendant violated § 1692e(14) of the FDCPA by its use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization when it attempted to collect from Plaintiff

using the name, Pinnacle Location Services;

l. Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt when Defendant engaged in all of the foregoing misconduct; and

m. Defendant violated § 1692g(b) of the FDCPA by engaging in collection activities and communication that overshadowed or was inconsistent with the disclosure of the consumer's right to dispute the debt when Defendant's collector demanded immediate payment from Plaintiff with the vague and veiled threats of legal action against Plaintiff.

WHEREFORE, Plaintiff, CHAD HENLEY, respectfully requests judgment be entered against Defendant, REGENCY ONE CAPITAL, LLC, for the following:

43. All actual damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

44. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

45. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

46. Any other relief that this Honorable Court deems appropriate.

## COUNT II:
## DEFENDANT VIOLATED THE
## NORTH CAROLINA COLLECTION AGENCY ACT

47. Plaintiff repeats and re-alleges paragraphs 1-41 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

48. Defendant violated the North Carolina Collection Agency Act based on the following:

a. Defendant violated § 58-70-95 of the North Carolina General Statutes when

Defendant continued to communicate with Plaintiff despite being told to stop calling Plaintiff;

b. Defendant violated § 58-70-95(7) of the North Carolina General Statutes by threatening to take any action not in fact taken in the usual course of business, unless it can be shown that such threatened action was actually intended to be taken in the particular case in which the threat was made when Defendant's collector made vague and veiled threats of legal action against Plaintiff;

c. Defendant violated § 58-70-100 of the North Carolina General Statutes when it used conduct the natural consequence of which is to oppress, harass, or abuse any person in connection with the attempt to collect the alleged debt when Defendant continued to communicate with Plaintiff despite being told to stop calling Plaintiff;

d. Defendant violated § 58-70-100(3) of the North Carolina General Statutes when it caused a telephone to ring or engaged a person in a telephone conversation with such frequency as to be unreasonable or constitute harassment to the person under the circumstances when Defendant continued to communicate with Plaintiff despite being told to stop calling Plaintiff;

e. Defendant violated § 58-70-110 of the North Carolina General Statutes by attempting to collect a debt concerning a consumer by any fraudulent, deceptive, or misleading representation when Defendant created the false impression on Plaintiff that Defendant was permitted by law to engage in unlawful and coercive collection tactics with impunity; and

f. Defendant violated § 58-70-110(1) of the North Carolina General Statutes by its placement of telephone calls without meaningful disclosure of the caller's identity

when Defendant's collector left voicemail messages for Plaintiff and failed to disclose that Defendant's collectors were calling from Regency One Capital, LLC.

49. Defendant's actions constituted an unfair or deceptive acts or practices by engaging in the above-referenced misconduct in or affecting commerce because Defendant is collecting on a consumer debt and proximately caused Plaintiff's injuries.

WHEREFORE, Plaintiff, CHAD HENLEY, respectfully requests judgment be entered against Defendant, REGENCY ONE CAPITAL, LLC, for the following:

50. Actual damages and civil penalties of not less than $500.00 nor greater than $4,000.00 per violation pursuant to North Carolina General Statute § 58-70-130;

51. Punitive damages pursuant to North Carolina General Statute § 58-70-130;

52. Costs and reasonable attorneys' fees; and

53. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

June 6, 2022

By: /s/ Shireen Hormozdi Bowman
Shireen Hormozdi Bowman
North Carolina Bar No. 47432
AGRUSS LAW FIRM, LLC
4809 N. Ravenswood Avenue
Suite 419
Chicago, IL 60640
-and-
HORMOZDI LAW FIRM, LLC
1770 Indian Trail Lilburn Road, Suite 175
Norcross, GA 30093
Tel: 312-224-4695
Direct: 678-960-9030
Fax: 312-253-4451
shireen@agrusslawfirm.com
Attorney for Plaintiff