IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA



CHAD HENLEY,                          )
                                      )
        Plaintiff,                    )
                                      )
    v.                                )   1:22-cv-422
                                      )
REGENCY ONE CAPITAL, LLC,             )
                                      )
        Defendant.                    )

### MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

Before this court is a Motion for Default Judgment filed by Plaintiff Chad Henley. (Doc. 8.) After consideration of the complaint, the record, and relevant authorities, this court concludes Plaintiff is entitled to default judgment and the motion will be granted.

### I. FACTS AND PROCEDURAL HISTORY

Plaintiff is a resident of Kernersville, North Carolina who allegedly owed a debt. (Pl.'s Compl. ("Compl.") (Doc. 1) at 2.) Defendant is a debt collector within the meaning of 15 U.S.C. § 1692a(6). (Id.) Plaintiff's alleged debt arises from personal, family, and household transactions. (Id. at 3.) Defendant is a limited liability company with headquarters in the state of New York. (Id. at 2.)

Plaintiff alleges Defendant violated various sections of the Fair Debt Collection Practices Act ("FDCPA"), including 15 U.S.C. §§ 1692b, 1692d, 1692e, 1692f, and 1692g, by failing to make required disclosures and engaging in prohibited collection activities. (Id. at 5-7.) For example, Plaintiff alleges Defendant attempted to collect the alleged debt by using a false company name, (id. at 3), calling Plaintiff's family and friends, (id. at 4), and threatening legal action, (id. at 3). Plaintiff further alleges Defendant violated sections of the North Carolina Collection Agency Act, including N.C. Gen. Stat. §§ 58-70-95(7), 70-100, and 70-110. (Id. at 7-8.) Plaintiff seeks actual damages, penalties, and punitive damages as well as attorney's fees under the applicable statutes.

Defendant was served with the summons and complaint on June 8, 2022. (Doc. 4.) Defendant failed to respond, and default was entered on July 19, 2023. (Doc. 6.)

II. **ANALYSIS**

   A. **Jurisdiction**

"Before a . . . court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." Omni Capital Int'l, Ltd. V. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987). "The party moving for default judgment must still show that the defaulted party was

properly served." Harris v. Blue Ridge Health Services, Inc., 388 F. Supp. 3d 633, 637-38 (M.D.N.C. 2019).

Plaintiff is an individual residing in the Middle District of North Carolina. (Compl. (Doc. 1) at 2.) Defendant is a Delaware limited liability company with headquarters in the state of New York. (Id.)

The summons and complaint were served on Defendant on June 8, 2022. (Doc. 4.) This court has personal jurisdiction over Defendant. Defendant failed to answer or otherwise defend as provided by the Federal Rules of Civil Procedure following proper service. This court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) as this action is brought under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. This court has supplemental jurisdiction over the state claim pursuant to 28 U.S.C. § 1367.

B.  **Default Judgment**

Generally, if a defendant fails to plead or otherwise defend an action, this court has the discretion to enter default judgment as to that defendant. Fed. R. Civ. P. 55; see Music City Music v. Alfa Foods, Ltd., 616 F. Supp. 1001, 1002 (E.D. Va. 1985). "A court confronted with a motion for default judgment is required to exercise sound judicial discretion in determining whether the judgment should be entered, and the moving party is not entitled to default judgment as a matter of

3

right." EMI April Music, Inc. v. White, 618 F. Supp. 2d 497, 505 (E.D. Va. 2009). "Therefore, in determining whether to enter default judgment, the Court may exercise its discretion by considering many factors from the record." Id. "Although the clear policy of the Rules is to encourage dispositions of claims on their merits, see Reizakis v. Loy, 490 F.2d 1132, 1135 (4th Cir. 1974), trial judges are vested with discretion, which must be liberally exercised, in entering such judgments and in providing relief therefrom. See Fed. R. Civ. P. 55(c), 60(b)." United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982).

"Upon the entry of default, the defaulted party is deemed to have admitted all well-pleaded allegations of fact contained in the complaint." J & J Sports Prods., Inc. v. Romenski, 845 F. Supp. 2d 703, 705 (W.D.N.C. 2012). "However, the defendant is not deemed to have admitted conclusions of law . . . ." Id. The party moving for default judgment must still show that the "unchallenged factual allegations constitute a legitimate cause of action." Agora Fin., LLC v. Samler, 725 F. Supp. 2d 491, 494 (D. Md. 2010); see also Romenski, 845 F. Supp. 2d at 705 (explaining that default judgment is proper when "the well-pleaded allegations in the complaint support the relief sought").

  1. **Fair Debt Collection Practices Act**

To establish a cause of action under the FDCPA, the plaintiff must sufficiently allege that "(1) [the plaintiff] has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." Chatman v. GC Servs., LP, 57 F. Supp. 3d 560, 565 (D.S.C. 2014). Plaintiff's allegations are sufficient to establish that Defendant is a debt collector, (Compl. (Doc. 1) at 2), and that Plaintiff has been the object of collection activity, (id. at 3-4). Determining whether Plaintiff has established sufficient well-pleaded facts to support a finding that Defendant has engaged in an act prohibited by the FDCPA requires some analysis.

Defendant alleges multiple violations under various sections of 15 U.S.C. §§ 1692b, 1692d, 1692e, 1692f, and 1692g. Some of Plaintiff's claims under the FDCPA do not have sufficient factual support. For example, Plaintiff alleges that Defendant violated § 1692e(5) by threatening to take an action that could not legally be taken or that was not intended to be taken. (Compl. (Doc. 1) at 6.) However, it is not clear to this court what Plaintiff can establish as a fact from a conclusory allegation that Defendant made "vague and veiled threats of legal action," (Id. at 3, 4), and this court declines to find

that fact sufficiently well-pleaded to support a § 1692e(5) claim.

Although some of Plaintiff's claims under the various sections of the FDCPA may not have sufficient factual support, at least two do, that is, Plaintiff's claims pursuant to 15 U.S.C. § 1692b and 1692d.

15 U.S.C. § 1692c(b) prohibits a debt collector from communicating with any person other than the consumer or his attorney "[e]xcept as provided in section 1692b." Section 1692b states in pertinent part:

> Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall —
>
> (1) identify himself, state that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer;
>
> (2) not state that such consumer owes any debt;
>
> (3) not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information.

15 U.S.C. § 1692b(1)-(3). Although the complaint is somewhat vague on the nature of the communications by Defendant to Plaintiff's family and friends, Plaintiff alleges "Defendant attempts [sic] to collect the alleged debt from Plaintiff using the false name of Pinnacle Location Services." (Compl.

6

(Doc. 1) at 3.) In the absence of a response by Defendant, this court finds the allegations of the complaint are sufficient to support a reasonable inference that Defendant failed to identify himself or his employer to third parties as required by 15 U.S.C. § 1692b.

Additionally, § 1692b permits a debt collector to communicate with a third party for the limited purpose of "acquiring location information about the consumer." 15 U.S.C. § 1692b. Plaintiff alleges that "[d]espite Defendant already locating and communicating with Plaintiff, Defendant then started calling Plaintiff's family and friends — a clear attempt to embarrass and coerce Plaintiff into paying the alleged debt." (Compl. (Doc. 1) at 4.) Relatedly, Plaintiff alleges that "Defendant's collector claimed that Defendant could not stop calling . . . Plaintiff's family and friends unless Plaintiff [paid] the alleged debt." (Id.) Again, in the absence of a response from Defendant, this court finds these allegations sufficient to support an inference that Defendant's contact with third parties was not for the limited purpose of acquiring location information as to Plaintiff.

In addition to violations of § 1692b, Plaintiff alleges violations of § 1692d. (Compl. (Doc. 1) at 5-6.) § 1692d prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any

7

person in connection with the collection of a debt." 15 U.S.C. § 1692d. A debtor collector is in violation of 1692d by "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number," § 1692d(5), or by placing "telephone calls without meaningful disclosure of the caller's identity." § 1692d(6). The well-pleaded facts in Plaintiff's complaint, including an allegation that Defendant did not disclose its true identity but instead used Pinnacle Location Services, are sufficient to establish violations of 15 U.S.C. § 1692d.

This court finds that Plaintiff's well-pleaded allegations, deemed admitted in the absence of a response from Defendant, are sufficient to establish that the defendant engaged in acts prohibited by the FDCPA, 15 U.S.C. §§ 1692b, 1692d.

Plaintiff requests an award of actual damages, statutory damages of $1,000.00, and reasonable attorney's fees. In support of actual damages, Plaintiff alleges that the alleged debt is "a consumer debt from Plaintiff, allegedly owed by Plaintiff arising from an unpaid Okinus Credit Solutions account." (Compl. (Doc. 1) at 3.) Plaintiff further alleges that "in response [to] the vague and veiled threats of legal action, Plaintiff agreed to a payment plan of $57.00 per month until the debt was paid in full, making a $57.00 payment over the telephone." (Id. at 3-4.)

8

On the facts presented, this court declines to award actual damages for two reasons. First, it is not clear the claimed actual damages — $57.00 — were proximately caused by a violation of the FDCPA. Although Plaintiff alleges that Defendant used the name Pinnacle Location Services improperly throughout the collection, Plaintiff alleges specifically that the payment was "in response [to] the vague and veiled threats of legal action." (Id.) As noted above, this court is not able to determine what a "vague and veiled threat of legal action" means as a factual matter. Relatedly, in the absence of any specific facts, it is not clear whether Defendant's alleged statements support a finding of a § 1692e(5) violation because of a failure by Defendant, later, to bring legal action.

Second, it is not clear that the $57.00 payment is an actual damage. Plaintiff does not allege he did not owe the alleged debt or if the debt is owed, whether the $57.00 was credited to his account. Plaintiff alleges he paid the $57.00 but does not establish he has been damaged in that amount.[1]

However, this court does find the pleadings sufficient to establish an award of statutory damages in the amount of

---

[1] In addition to the claim of $57.00 in actual damages, Plaintiff pleads various conclusory allegations of damage such as "an invasion of Plaintiff's individual privacy," and "mental distress." (Compl. (Doc. 1) at 5.) However, Plaintiff provides no basis upon which to determine calculation of those damages.

$1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) and will enter a judgment as to that amount in favor of Plaintiff.

### 2. North Carolina Collection Agency Act

Plaintiff also alleges a claim under the North Carolina Collection Agency Act, N.C. Gen. Stat. § 58-70-90 et seq. ("NCDCA").

> The NCDCA prohibits a "debt collector" from using unfair debt collection practices, including the use of threats, coercion, harassment, unreasonable publications of the consumer's debt, deceptive representations, or other unconscionable means to collect a "debt" from a "consumer." See, e.g., Davis Lake Cmty. Ass'n v. Feldmann, 138 N.C. App. 292, 295-97, 530 S.E.2d 865, 868-69 (2000) (describing elements of NCDCA claim). An NCDCA claim also must meet the generalized requirements of UDTPA claims: (1) an unfair act, (2) in or affecting commerce, (3) that has proximately caused plaintiff injury. See, e.g., id. (emphasis added).

Ross v. Washington Mut. Bank, 566 F. Supp. 2d 468, 479 (E.D.N.C. 2008), aff'd sub nom. Ross v. F.D.I.C., 625 F.3d 808 (4th Cir. 2010). It is a violation of the NCDCA for a collection agency to communicate with a consumer "other than in the name of the . . . collection agency . . . ." 15 U.S.C. § 58-70-110(1). For the reasons set forth above, this court finds Plaintiff has presented well-pleaded facts to show Defendant communicated with Plaintiff other than in the name of their collection agency, and those facts are sufficient to establish a violation of the NCDCA.

10

Plaintiff requests a remedy of actual damages, civil penalties, punitive damages, costs and attorney's fees. (Compl. (Doc. 1) at 9.) For the same reasons discussed above, this court does not find Plaintiff's well-pleaded facts establish a basis upon which to award actual damages. As to civil penalties, N.C. Gen. Stat. § 58-70-130(b) provides:

> Any collection agency which violates Part 3 of this Article with respect to any debtor shall, in addition to actual damages sustained by the debtor as a result of the violation, also be liable to the debtor for a penalty in such amount as the court may allow, which shall not be less than five hundred dollars ($500.00) for each violation nor greater than four thousand dollars ($4,000) for each violation.

After careful consideration of the record, this court will award Plaintiff $3,000.00 as a penalty.

This court declines to award punitive damages. While N.C. Gen. Stat. § 58-70-130(c) permits imposition of treble damages under N.C. Gen. Stat. § 75-1.1, it does not allow the civil penalties to be trebled. This court therefore declines to award treble damages.

After careful review of Plaintiff's motion for costs and attorney's fees, this court finds the request reasonable when evaluated under the appropriate legal standard. Pursuant to 15 U.S.C. § 1692k(a)(3), the court will award Plaintiff's counsel $2,465.60 in fees and $447.00 in costs for a total of $2,912.60 in fees and costs.

11

For the reasons set forth herein,

**IT IS ORDERED** that Plaintiff's Motion for Default Judgment, (Doc. 8), is **GRANTED** and judgment by default will be entered in favor of Plaintiff and against Defendant Regency One Capital, LLC.

**IT IS FURTHER ORDERED** that Plaintiff shall have and recover from Defendant Regency One Capital, LLC statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k and statutory damages of $3,000.00 pursuant to N.C. Gen. Stat. § 58-70-130(b) for a total of $4,000.00.

**IT IS FURTHER ORDERED** that Plaintiff shall have and recover attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant Regency One Capital, LLC, in the amount of $2,465.60 and costs in the amount of $447.00 for a total amount of $2,912.60 in costs and attorney's fees.

A judgment will be entered contemporaneously herewith.

This the 30th day of August, 2023.

William L. Osteen, Jr.
United States District Judge

12

Case 1:22-cv-00422-WO-JLW   Document 9   Filed 08/30/23   Page 12 of 12